IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL JACKSON,

      Petitioner,

v.                                                     CIV 09-0350 JCH/KBM

STATE OF NEW MEXICO,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    Petitioner Triginal Jackson originally initiated this suit with documents captioned "habeas corpus" and identifying it as "The Great Writ," where he challenged bonds set in two state criminal cases as excessive and asserted that he was being unfairly serially arrested and jailed. *See Docs. 1, 6, 7.* Although Respondent moves to dismiss the habeas action "with prejudice" because the "in custody" requirement is not met, I find the better course is to dismiss without prejudice. *See Doc. 14* at 3-4 (misdocketed as only an Answer).

    After he was released from state custody, but before the two actions were

dismissed in his favor and his bonds "exonerated," *see Doc. 14-2* at 4-5, 9-10, Jackson filed separate petitions seeking habeas relief under 28 U.S.C. § 2241 in each of the criminal matters, based on the same allegations in his initial pleadings, *see Docs. 9, 10.* These petitions revealed that, although he had initiated state proceedings in one of the criminal cases, he had not done so in the other, and in neither case had he exhausted his state court remedies. *See Doc. 9* at 3-5; *Doc. 10* at 3-5.

At the time Jackson filed this action and his § 2241 petitions, he was "in custody" for habeas purposes. It is well-settled that "custody" is determined at the time of filing, and subsequent release does not defeat habeas jurisdiction. Indeed, the authority cited by Respondents holds the same. *E.g., Maleng v. Cook,* 490 U.S. 488, 490-91 ("We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed."); *see also, e.g., Carafas v. LaVallee,* 391 U.S. 234, 238-39 (1968) (holding that once habeas corpus jurisdiction attaches, it is not defeated by subsequent release; observing that "federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed. . . . But the statute does not limit the relief that may be granted to

discharge of the applicant from physical custody.").[1]

Nevertheless, Jackson's § 2241 petitions made it clear that he has not exhausted his state remedies. As such, the "habeas action" should be dismissed, but dismissed without prejudice. *See, e.g., Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002) (exhaustion requirement applies regardless of whether action is brought under § 2241 or § 2254); *see also, e.g., Brown v. Shanks,* 185 F.3d 1122, 1125 (10th Cir. 1999) ("In this case, we will remand to the district court with instructions to dismiss the petition without prejudice to allow Petitioner to pursue the unexhausted claim in state court or to refile a federal habeas petition containing only his exhausted claims.").

Moreover, when Respondent moved for an extension to file a response, Jackson made clear that he is no longer seeking habeas relief and seeks to change the nature of this action. Jackson objected to the extension noting that the

> attorney General . . . has now been made aware of action
> of civil rights violations and may decide to take action . . .
> Plaintiff [Jackson's] issues involving incarcerations has
> now been resolve without uses of Federal court's
> processing's (sic). <u>Plaintiff sees no reason to continue
> with The Great Writ</u>. But if the court or the Attorney

---

[1] The issue, therefore, is not "custody," but whether the subsequent dismissal of charges moots Jackson's particular habeas claims. Respondents do not address it and, for the reasons above, I find no reason to do so *sua sponte.*

> General see any reason then it should continue whether that is involving this case or any other. Yet, asks the court to maintain present request for indigence in an effort to move in a 1983 action.

*Doc. 16* at 1 (emphasis original). The remainder of his "objections" set forth his alleged violations of his civil rights under 42 U.S.C. § 1983 for, among other things, malicious prosecution. *See id.* at 2-3. Jackson also filed a motion to add a number of individuals as defendants as to his civil rights allegations. *See Doc. 15.*

Thus, Jackson wants this Court to allow him to convert this action from habeas to § 1983 and continue as an "indigent." *See Doc. 16* at 1. Yet since last Fall, Jackson has filed eight other cases in this district, including a § 1983 action that raises the same claims for the same arrests at issue here. There could be overlapping defendants by virtue of his request there to also add more defendants to that suit. *See Jackson v. Chief of Police, et al.,* CIV 09-0285 BB-RHS *(Docs. 1, 18).*[2] In light of these other actions, three of which already have been dismissed, I believe the better course is to dismiss this action without prejudice. By so doing, Jackson must either refile yet another § 1983 action after documenting his

---

[2] *See Jackson v. Brummet, et al.,* CIV 08-1091 PJK/LFG (closed 12/11/08); *Jackson v. Valdez,* CIV 08-1108 WJ/LAM (filed 11/25/08); *Jackson v. Kelly, et al.,* CIV 08-1131 BB/ACT (filed 12/04/08); *Jackson v. MDC, et al.,* CIV 09-0054 WJ/RHS (filed 01/22/09); *Jackson v. Brandenburg, et al.,* CIV 09-0094 JAP/ACT (closed 05/11/09); *Jackson v. Walgreens Corp., et al.,* CIV 09-0286 BB/DJS (closed 04/15/09); *Jackson v. New Mexico Public Defender's Office, et al.,* CIV 09-0351 MCA/DJS (closed 04/15/09).

indigency and lack of "frivolousness" or he must seek to amend in the virtually-identical § 1983 action that is currently pending.

Wherefore,

IT IS HEREBY RECOMMENDED AS FOLLOWS:

1. Respondent's motion to dismiss with prejudice for lack of "custody" *(Doc. 14)* be DENIED;

2. Jackson's motion to amend to add additional defendants to this action *(Doc. 15)* be DENIED; and

3. This action be DISMISSED WITHOUT PREJUDICE.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

                                                                   _____
                                                                   UNITED STATES MAGISTRATE JUDGE